## Ream License

*Frederick J. Bertolet,* for Secretary of Revenue.
*James W. Stoudt,* for appellant.

MAYS, P. J., January 20, 1950.—This matter is before the court upon appeal by Charles A. Ream from an order of the Secretary of Revenue, suspending the license of appellant to operate a motor vehicle.

The officer clocked the tractor-trailer driven by appellant for a distance of two miles, at 65 miles per hour. The highway is 24 feet wide, separated by a 10-foot grass plot. The highway was dry, traffic light. The speed limit for a truck this size is 50 miles per hour and for pleasure cars and other vehicles, 70 miles per hour. There was no evidence of improper passing or anything else.

Appellant was arrested for exceeding the statutory speed limit. Whether a hearing was held or not, the record does not disclose, but appellant did pay a fine and costs.

In Wagner Appeal, 42 Berks 101, we filed an opinion in which we pointed out that if, under the facts of the case, the violation was a mere technical one, there would be no suspension.

"If, however, in addition to the technical violation, there were grave circumstances which would lead the court to the conclusion that the operator's conduct was reckless or merely negligent without any evidence in mitigation of the offence, this would be a substantial violation of the code and would justify a suspension."

So here, as in the Wagner case, we must determine whether this is a mere technical violation or whether the surrounding circumstances were grave or whether there was recklessness or negligence. While it is true that appellant here, as in the Wagner case, exceeded the speed limit, it is established that it occurred on the superhighway where there is an allowance of greater speed than on any other highways of the Commonwealth; that there was not much traffic on the highway at the time of the arrest and that there were no aggravated circumstances surrounding the operation of appellant's truck. The testimony further discloses that appellant has been driving a truck for upward of 20 years; that he has never been arrested for improper driving. While he was involved in two accidents, it appears that upon the first occasion, a drunken driver ran into his truck which he, appellant, had stopped when he saw the drunken driver coming on his side of the road. And again, in 1940, a truck ran into the back of appellant's truck. No charges were preferred against appellant. The driver of the truck, however, was arrested for reckless driving. During all the long years of his service as a truck driver, he "never had a ticket in any of the numerous towns through which" he "drove".

The testimony further clearly indicates that it is necessary that appellant have the right to drive his truck in order to continue his only work as a truck driver for Shirk's Motor Express.

It is unnecessary here to discuss in detail our reasons for our conclusion. We refer to what was said by us in the Wagner case.

Accordingly, January 20, 1950, we must conclude that the appeal should be sustained and it is so ordered.